IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ARNESS BIRDETTE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:12-CV-0285-JEC-CCH |
| DISH NETWORK and ENHANCED | : | |
| RECOVERY COMPANY, LLC, | : | |
| | : | |
| Defendants. | : | |

## O R D E R

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the report and

recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

IT IS SO ORDERED this 15th day of February, 2012.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ARNESS BIRDETTE, | : | CIVIL ACTION NO. |
| | : | 1:12-CV-0285-JEC-CCH |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DISH NETWORK and ENHANCED | : | |
| RECOVERY COMPANY, LLC, | : | |
| | : | **F I N A L    R E P O R T    A N D** |
| Defendants. | : | **RECOMMENDATION** |

Plaintiff Arness Birdette, acting *pro se*, seeks leave to file this civil action *in forma pauperis,* without prepayment of fees and costs or security therefor, pursuant to 28 U.S.C. § 1915(a)(1). Plaintiff initially filed an Application to Proceed in District Court without Prepaying Fees or Costs [1] on January 27, 2012. After the Court denied that Application for failing to establish that Plaintiff lacks sufficient income to pay the filing fee and incur the costs of this action, *see* Order [2] of January 31, 2012, Plaintiff filed an Amended Application [3] on February 9, 2012. Though far from clear, Plaintiff's Amended Application [3] is nevertheless **GRANTED**.

Pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure, service of a complaint made *in forma pauperis* is effected by the United States Marshal's Service. *See* Fed. R. Civ. P. 4(c)(3). In the instant action, the allegations in Plaintiff's

Complaint suggest that Plaintiff has failed to state a claim upon which this Court may grant relief.[1] If so, the Court may dismiss the action without ordering service by the Marshal's Service. The Clerk is **DIRECTED** to refrain from forwarding the Complaint to the United States Marshal's Service for the purpose of effecting service until the District Judge orders otherwise.

Under 28 U.S.C. § 1915(e)(2), a federal court is required to dismiss an *in forma pauperis* complaint at any time if the court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In order to state a claim for which relief may be granted, a plaintiff may not merely plead facts in a complaint sufficient to find a claim to relief is conceivable; instead, there must be

---

[1] The Court noted that Plaintiff's pleadings appeared to be defective in its Order [2] denying Plaintiff's initial Application to proceed *in forma pauperis*. See Order [2] at 3 ("Plaintiff is further advised that even if he pays the filing fee or qualifies to proceed *in forma pauperis* after amending his Application, his Complaint may be subject to dismissal on motion by the Defendants or on the Court's own action, because the pleadings appear to be deficient and fail to state an actionable claim against the Defendants."). Plaintiff, however, seems not to have heeded that warning since he declined to re-plead his claims when he filed the Amended Application [3].

sufficient facts to demonstrate that the claim made is *plausible*. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere conclusory statements are not facts that can make a claim plausible. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.").

Pursuant to 28 U.S.C. § 1915(e)(2), the Court has reviewed Plaintiff's claims and finds that he has failed to allege sufficient facts to state a plausible claim against Defendants Dish Network and Enhanced Recovery Company, LLC. Plaintiff purports to bring a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, for violations allegedly related to the attempt to collect a debt which Plaintiff claims he did not owe or had already paid. Plaintiff's factual allegations consist of: "Plaintiff does not owe account with Defendants"; "Account balance amount April of 2007 (Exhibit 1)"; "Plaintiff pays Dish Network for services"; and "Dish Network seeks monetary payments once paid, via Defendants Enhanced Recovery Company, LLC." *See* Complaint, attached to Application [1]. Plaintiff offers additional conclusory statements in support of his claims: "Plaintiff is not obligated to pay a debt he does not owe"; "Defendants demonstrate unlawful debt practices"; "Complaint is arguable either in law or in fact"; "Complaint is not

malicious nor is complaint frivolous"; "Defendants pose detriment for the Plaintiff"; and "Plaintiff states a claim which the Court can grant relief." *Id.* Exhibit 1 to Plaintiff's Complaint reflects that Dish Network sent Plaintiff a statement dated April 28, 2007 which indicated that Plaintiff had a past due balance of $142.19. Handwritten notes on the account statement state "Paid Account" and "Account Paid Out." The other exhibit to Plaintiff's Complaint is unnumbered. It reflects that Enhanced Recovery Company, LLC ("ERC") sent a single letter to Plaintiff on January 12, 2012 notifying him that an outstanding balance with Dish Network of $222.64 had been placed with ERC and that the debt could be settled for $111.32.

To state a claim under the FDCPA, a plaintiff must show that "(1) [he] has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA,[2] and (3) the defendant has engaged in an act or omission prohibited by the FDCPA."[3] *Kaplan v. Assetcare, Inc.*, 88 F.Supp.2d 1355,

---

[2] The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C. § 1692a(6)

[3] Acts or omissions prohibited by the FDCPA range from the general to the specific and include conduct such as "unfair practices," "false or misleading representations," and "harassment and abuse." *See* 15 U.S.C. §§ 1692b–1692j.

1361 (S.D. Fla. 2000).  Plaintiff's pleadings fail to make such a showing.  Most notably, Plaintiff has not alleged facts that would make plausible a claim that either Defendant engaged in an act or omission prohibited by the FDCPA.  At most, Plaintiff has pled that Defendant Enhanced Recovery Company, LLC sent him a single letter seeking to collect a debt which Plaintiff alleges was not owed.  The FDCPA, however, does not make it unlawful for a debt collector to seek to recover debt that it does not know is disputed.  To the contrary, the statute has a provision that expressly allows a debt collector to make an initial effort to collect a debt before verifying that the debt is valid.  *See* 15 U.S.C. § 1692g(b).

Accordingly, under the pleading standards of *Twombley* and *Iqbal*, Plaintiff has failed to state a claim on which relief can be granted, and therefore, his Complaint should be dismissed.  In deference to Plaintiff's *pro se* status, however, Plaintiff's claims should be dismissed without prejudice.  This will permit Plaintiff to file a new complaint against Defendants which sets forth facts, if they exist, that indicate a plausible violation of the FDCPA.

Accordingly, although Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [3] is **GRANTED**, the undersigned

**RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** for failing to state a claim on which relief can be granted. As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

IT IS SO RECOMMENDED this 15th day of February, 2012.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE